T.C. Memo. 2010-145

UNITED STATES TAX COURT

ELMER JON BUCKARDT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27949-07.                Filed July 1, 2010.

Elmer Jon Buckardt, pro se.

Lisa M. Oshiro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  On September 4, 2007, respondent
Commissioner of Internal Revenue (whom we refer to here as the
IRS) mailed notices of deficiency for the taxable years 2003,
2004, and 2005 to petitioner Elmer Jon Buckardt (Buckardt).  In

those notices, the IRS determined the following deficiencies in income tax and additions to tax for late filing, late payment, and failure to pay estimated income tax:[1]

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
|------|------------|------------|------------|------|
| 2003 | $42,862 | $9,643.95 | $8,572.40 | $1,121.68 |
| 2004 | 20,551 | 4,623.98 | 2,877.14 | 596.55 |
| 2005 | 20,283 | 4,563.68 | 1,622.64 | 813.58 |

The issues for decision are: (1) Whether Buckardt is liable for income tax on his receipt of pension and annuity distributions for the tax years at issue, (2) whether he is liable for the section 6651(a)(1) late-filing addition to tax for the tax years at issue, (3) whether he is liable for the section 6651(a)(2) late-payment addition to tax for the tax years at issue, (4) whether he is liable for the section 6654 failure-to-pay-estimated-tax addition to tax for the tax years at issue, and (5) whether he is liable for a penalty under section 6673.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated in this opinion by this reference.

Buckardt received $98,960 from State Street Retiree Services in each of the years 2003, 2004, and 2005. He also received $63,855 from American Trust Church Co. in 2003. Buckardt did not file timely tax returns for 2003, 2004, and 2005, nor did he make any tax payments for any of the years. The IRS created substitute tax returns on his behalf on July 23, 2007. It then issued notices of deficiency for 2003, 2004, and 2005 on September 4, 2007. Buckardt timely petitioned this Court on December 4, 2007. On January 8, 2008, the IRS received Forms 1040, U.S. Individual Income Tax Return, for 2003, 2004, and 2005 from Buckardt. Each Form 1040 was dated in the month of December 2007, and contained zeros in every box requesting a dollar amount, except for the standard deduction and personal exemption boxes. This case was called from the calendar for the trial session of this Court on June 22, 2009, at Seattle, Washington, and a trial was held. The IRS filed a Motion for Penalties Under Section 6673 at trial.

At trial, Buckardt argued that the Code requires the IRS to assess a tax before issuing a notice of deficiency, that he had a right to a copy of the record of the assessment, and that the

record of assessment is required to be made on a Form 23-C, Assessment Certificate--Summary Record of Assessments. The Court informed him that the IRS could not yet assess a deficiency in his tax for any of the years at issue. Buckardt also argued that section 861 exempted the payments he received from taxation. The Court instructed him that the argument was "unmeritorious * * * [and] hasn't been accepted by any courts."

OPINION

I. Deficiency

Buckardt bears the burden of proof as to the determination of the deficiencies contained in the notices. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pension and annuity income is includable in gross income pursuant to section 61(a)(9) and (11). Buckardt asserts that he does not have the burden of proof because the IRS did not provide evidence of his alleged income. The Court of Appeals for the Ninth Circuit in Hardy v. Commissioner, 181 F.3d 1002, 1004-1005 (9th Cir. 1999), affg. T.C. Memo. 1997-97, explained how the burden of proof shifts in cases of unreported income:

> Generally, a presumption of correctness attaches to notices of deficiency in the Tax Court. See Palmer v. United States Internal Revenue Serv., 116 F.3d 1309, 1312 (9th Cir. 1997); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985); Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir. 1984). For the presumption to apply, however, the Commissioner must base the deficiency on some substantive evidence that the taxpayer received unreported income. See id.; see also United States v. Janis, 428 U.S. 433, 442 * * * (1976)

> (holding that the presumption does not apply when the IRS makes a naked assessment without foundation).  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.  See Rapp, 774 F.2d at 935. * * *

Buckardt stipulated that he received $98,960 from State Street Retiree Services in each of the years 2003, 2004, and 2005 and $63,855 from American Trust Church Co. in 2003.  The Tax Court has held that if the IRS produces evidence of receipt, such as a bank deposit, "there is no requirement that * * * [the IRS] produce evidence linking petitioner to an income-producing activity as a precondition to requiring petitioner to meet his burden of proof."  Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).  Thus, the burden is on Buckardt to prove that his receipts were not gross income includable under section 61.

Buckardt has not met his burden of proof.  He admits in his brief that he received the payments mentioned above and that "such [amounts] [derive] from a domestic class of gross income" but not "from a taxable specific source."  Thus, he admits to receiving gross income.  He also did not provide testimony or other evidence that the funds he received were not includable in his income, for example, because they were loan repayments.

Buckardt makes two arguments in an effort to prove that even though the payments were includable as gross income under section 61, he nevertheless does not owe any tax.  First, he argues that

the source rules of section 861 and its accompanying regulations exclude his pension and annuity income from taxation.  We have repeatedly held this argument (the "section 861 argument") to be frivolous and groundless.  See Takaba v. Commissioner, 119 T.C. 285, 294-295 (2002); Williams v. Commissioner, 114 T.C. 136, 138-139 (2000); Olson v. Commissioner, T.C. Memo. 2004-234; Dashiell v. Commissioner, T.C. Memo. 2004-210.  Section 61 includes in gross income "all income from whatever source derived". (Emphasis added.)  Section 61 thus includes all sources of income and does not cross-reference section 861 or its accompanying regulations in any way.  Dashiell v. Commissioner, supra ("section 61 is not affected by section 1.861-8(f)(1), Income Tax Regs.").  This Court has explained:

> "The rules of sections 861-865 have significance in determining whether income is considered from sources within or without the United States.  The source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States.  See, e.g., Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (rejecting claim that income is not subject to tax because it is not from any of the sources listed in sec. 1.861-8(a), Income Tax Regs.); Aiello v. Commissioner, T.C. Memo. 1995-40 (rejecting claim that the only sources of income for purposes of sec. 61 are listed in sec. 861); Great-West Life Assur. Co. v. United States, 230 Ct. Cl. 477, * * * [482] (1982) ('The determination of where income is derived or "sourced" is generally of no moment to either United States citizens or United States corporations, for such persons are subject to tax under section 1 and section 11, respectively, on their worldwide income.')."

Takaba v. Commissioner, supra at 295 (quoting Corcoran v. Commissioner, T.C. Memo. 2002-18).  Buckardt's section 861

argument is as groundless as similar arguments based on section 861 made by taxpayers before him.

He also claims that an assessment on Form 23-C must precede the issuance of a notice of deficiency and that he has the right to obtain a copy of the assessment (together, the "assessment argument"). This claim is groundless. See Cain v. Commissioner, T.C. Memo. 2006-148.

During the years at issue, Buckardt was married, but he and his wife did not file joint returns. At the time he filed his petition, Buckardt was a resident of the state of Washington. Washington state law provides that all property acquired during a marriage is presumed to be community property. See Wash. Rev. Code Ann. sec. 26.16.030 (West 2005); In re Marriage of Short, 890 P.2d 12, 14 (Wash. 1995). In applying the Code, state law determines the scope of property rights, but federal tax law prescribes the tax treatment of those property rights. See Hackl v. Commissioner, 118 T.C. 279, 290 (2002), affd. 335 F.3d 664 (7th Cir. 2003). In a community property state, the correct federal income-tax treatment of income that has been received by one spouse is that 50 percent of the income is includable in that spouse's taxable income. Poe v. Seaborn, 282 U.S. 101, 118 (1930); Commissioner v. Dunkin, 500 F.3d 1065, 1069-1070 (9th Cir. 2007), revg. 124 T.C. 180 (2005). Buckardt did not address the possibility that half of the pension and annuity income he

earned is includable in his wife's taxable income, not his. But Buckardt has the burden of proving that the community property rule applies and that the determinations in the notices of deficiency are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115. Under Washington law, the portion of a pension attributable to wages earned during marriage by Washington residents is community property. Wilder v. Wilder, 534 P.2d 1355, 1357 (Wash. 1975); Payne v. Payne, 512 P.2d 736, 737-738 (Wash. 1973); Devine v. Devine, 711 P.2d 1034, 1035 (Wash. Ct. App. 1985). We do not know how much of the income at issue in this case is attributable to a pension (as opposed to an annuity) and how much of it is attributable to wages earned while Buckardt and his wife were married and residing in Washington. Also, Washington law permits a husband and wife to designate community property as separate property by oral or written agreement. Gage v. Gage, 138 P. 886, 887 (Wash. 1914); Dobbins v. Dexter Horton & Co., 113 P. 1088, 1089 (Wash. 1911); Dewberry v. George, 62 P.3d 525, 528, 530 (Wash. Ct. App. 2003). We do not know whether such an agreement exists. Therefore, we hold that the community property rule does not apply here, and we sustain the determinations in the notices of deficiency.

II. Additions to Tax

The IRS bears the burden of production with respect to the additions to tax determined under sections 6651(a)(1) and (2) and

6654. Sec. 7491(c). This means that once the taxpayer files a petition alleging an error in the determination of an addition to tax, the taxpayer's challenge will succeed unless the IRS produces evidence that the addition to tax is appropriate. Swain v. Commissioner, 118 T.C. 358, 364-365 (2002). If the IRS has produced evidence demonstrating that the addition to tax is appropriate, the taxpayer must provide the Court with sufficient evidence to convince the Court that the IRS's determination is incorrect. Higbee v. Commissioner, 116 T.C. 438, 447 (2001). With regard to certain defenses that the taxpayer can assert in response to additions to tax, such as that the taxpayer had reasonable cause for engaging in the conduct, it is the taxpayer's responsibility to raise the defense and the burden of proof concerning it is on the taxpayer. Id. at 446.

A.    Section 6651(a)(1) Failure-To-File Additions to Tax

The IRS determined that Buckardt was liable for the section 6651(a)(1) late-filing addition to tax for the tax years 2003, 2004, and 2005. Section 6651(a)(1) imposes an addition to tax for failing to file a return by the filing deadline (as extended), unless such failure is due to reasonable cause and not due to willful neglect. The late-filing addition to tax is 5 percent of the net amount required to be shown as tax on the return for each month the failure to file continues, not to exceed 25 percent in the aggregate. Sec. 6651(a)(1), (b)(1).

Buckardt's income-tax returns were dated in the month of December 2007, and received by the IRS on January 8, 2008. These dates were long after the deadlines for filing the tax returns.[2] Consequently, the IRS has met its burden of producing evidence that the late-filing addition to tax should be imposed for each of the tax years at issue. Buckardt has not demonstrated that he had any reasonable cause for his failure to file timely returns. He is therefore liable for the section 6651(a)(1) addition to tax for each tax year at issue.

B.    Section 6651(a)(2) Late-Payment Additions to Tax

The IRS determined that Buckardt was liable for the section 6651(a)(2) late-payment addition to tax for the tax years 2003, 2004, and 2005. Section 6651(a)(2) imposes an addition to tax for failing to pay the tax shown on a return on or before the date prescribed for payment, unless such failure is due to reasonable cause and not due to willful neglect. Sec. 301.6651-1(a)(2), Proced. & Admin. Regs. The late-payment addition to tax is 0.5 percent of the net amount due at the beginning of each month for each month such failure continues, not to exceed 25 percent in the aggregate. Sec. 6651(a)(2), (b)(2).[3] When a

_____

[2]Also, as discussed below, the returns do not qualify as valid returns because they contain zeros in most of the boxes for reporting items of income.

[3]The five percent late-filing addition to tax is reduced by the amount of the addition to tax under section 6651(a)(2) for

(continued...)

taxpayer does not file a valid return, the IRS may create a substitute return. Sec. 6020. Such a return, if it meets the requirements of section 6020(b), is treated as the return filed by the taxpayer for the purposes of the section 6651(a)(2) addition to tax. Secs. 6020(b), 6651(g)(2).

Buckardt stipulated that he did not pay any taxes for the years in dispute, but he raises several objections to the validity of the section 6020(b) returns the IRS submitted in this case. First, Buckardt claims that his zero-income returns are valid returns. Although he does not explain the legal significance of his assertion, we believe that he means that he paid the tax as shown on his purportedly valid return, that is, a tax of $0, and thus is not subject to the failure-to-pay addition to tax. But a zero-income return is not considered a valid return for purposes of section 6651. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003) ("The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return."); Coulton v. Commissioner, T.C. Memo. 2005-199 (citing Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir.

---

³(...continued)
late payment; that is, 0.5 percent for each month in which both penalties apply. Sec. 6651(c)(1). Therefore, the effective late-filing rate for the period in which both additions to tax apply (a period that would never exceed five months) is 4.5 percent per month. Sec. 6651(a)(1), (c)(1).

1986)); <u>Halcott v. Commissioner</u>, T.C. Memo. 2004-214 ("We have

consistently held that a zero tax return is not a valid tax

return because it does not contain sufficient information for

* * * [the IRS] to calculate and assess a tax liability.").

Thus, the IRS was authorized to prepare substitutes for returns

for Buckardt because Buckardt's returns were not valid.  See sec.

6020(b).  The IRS submitted documents to this Court purporting to

be section 6020(b) substitutes for returns for the tax years at

issue to attempt to satisfy its burden of production for the

late-filing penalty.[4]  However, Buckardt correctly argues that

---

[4]The certification form attached to each purported section
6020(b) substitute for return asserts the content of each:

The officer of the IRS identified below, authorized by
Delegation Order 182, certifies the attached pages
constitute a valid return under section 6020(b).  This
return consists of the following items:

1.   A copy of the form (e.g. Form 1040, 1041,
1120, etc.) which the IRS used to establish the
taxpayer's account on its computer system or,
alternatively, a transcript of account reflecting
the entry of data used to establish the taxpayer's
account on the IRS computer system;

2.   Form 4549, Income Tax Examination Changes or
equivalent;

3.   Form 886-A, Explanation of Items, appropriate
issue lead sheet or similar form;

4.  This certification (Form 13496).

Pursuant to section 6651(g)(2), this certification, with
attachments, shall be treated as the return filed by the
taxpayer for purposes of determining the amount of the
(continued...)

each section 6020(b) substitute for return is fatally defective because each is missing a copy of the Form 1040 the IRS used to establish his account on its computer system or a transcript of account reflecting the entry of data used to establish the account. See Cabirac v. Commissioner, supra at 170-171; Brooks v. Commissioner, T.C. Memo. 2007-80 ("Notably missing is anything resembling a Form 1040 or a transcript of account showing the entry of data used to establish the taxpayer's IRS account, as claimed in the certification."). Thus, the substitutes for returns that the IRS prepared on Buckardt's behalf for each tax year at issue do not qualify under section 6020(b). Consequently, the IRS has not met its burden of production, and therefore we do not sustain the late-payment addition to tax for the tax years at issue.[5]

C. Section 6654(a) Failure-To-Pay-Estimated-Tax Additions to Tax

The IRS determined that Buckardt was liable for the section 6654(a) addition to tax for failing to pay estimated income tax

---

[4](...continued)
additions to tax under paragraphs (2) and (3) of section 6651(a).

Item 1 above was missing from each document purporting to be a section 6020(b) substitute for return submitted to this Court.

[5]In addition to the two arguments we discuss here, Buckardt raised other objections to the validity of the section 6020(b) substitutes for returns. We need not address Buckardt's other arguments challenging their validity.

for the tax years 2003, 2004, and 2005.  The addition to tax is
calculated by applying the section 6621 underpayment interest
rate to the amount of each underpayment from the due date of each
installment until April 15 following the close of the taxable
year (for calendar-year taxpayers).  Sec. 6654(a) and (b)(2).
The amount of each underpayment is "the excess of * * * the
required installment" less "the amount (if any) of the
installment paid on or before the due date for the installment."
Sec. 6654(b)(1).  The "required installment" is due at four times
during the year and is 25 percent of the "required annual
payment."  Sec. 6654(c)(1), (d)(1)(A).  A "required annual
payment" is equal to

> the lesser of--
>
>> (i) 90 percent of the tax shown on the
>> return for the taxable year (or, if no return
>> is filed, 90 percent of the tax for such
>> year), or
>
>> (ii) 100 percent of the tax shown on the
>> return of the individual for the preceding
>> taxable year.
>
> Clause (ii) shall not apply if the preceding taxable
> year was not a taxable year of 12 months or if the
> individual did not file a return for such preceding
> taxable year.

Sec. 6654(d)(1)(B).

We first analyze the 2003 section 6654(a) addition to tax.
Buckardt did not file a 2003 return for these purposes.  We have
held that the zero-income return Buckardt submitted for 2003 is

not valid.  Even if it was, a return filed after a notice of deficiency is issued is not considered a filed return for purposes of the test in section 6654(d)(1)(B)(i).  See Mendes v. Commissioner, 121 T.C. 308, 325 (2003) ("the taxpayer would be able to negate the addition to tax simply by filing a return for that year that showed a tax liability less than the quarterly estimated payments actually made or, if none had been made, that showed a zero tax liability.  Such a result is inconsistent with both the purpose and function of section 6654(d)(1)(B)(i).").  Thus, the clause (i) amount is 90 percent of the tax liability for 2003.  The clause (ii) amount is "100 percent of the tax shown on the return of the individual for the preceding taxable year."  The "preceding taxable year" is 2002, but there is no evidence in the record as to whether Buckardt filed a 2002 return, or if he did, the tax liability shown on the return.  It was the IRS's burden to produce evidence of the tax shown on the 2002 return.  See Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006) ("respondent's burden of production under section 7491(c) require[s] him to produce evidence that petitioner [has] a required annual payment * * * under section 6654(d).").  affd. 521 F.3d 1289 (10th Cir. 2008).  The IRS could have produced evidence that Buckardt filed no return for 2002.  Sec. 6654(d)(1)(B) (clause (ii) not relevant if taxpayer did not file return for preceding year).  The IRS failed to produce such evidence.  We

therefore hold that Buckardt is not liable for the section 6654(a) addition to tax for 2003.

In contrast, Buckardt is liable for the section 6654(a) addition to tax for 2004 and 2005.  We first examine his liability for the addition to tax for 2004.  Buckardt's "required annual payment" for 2004 is 90 percent of his actual tax liability for 2004 if he did not file a return for 2003 and 2004.  See sec. 6654(d)(1)(B).  The zero-income Forms 1040 that Buckardt filed for 2003 and 2004 after the notices of deficiency for those years were issued are not considered filed returns for purposes of the tests in section 6654(d)(1)(B)(i) and (ii).  See Mendes v. Commissioner, supra at 325.  Therefore, his "required annual payment" is equal to 90 percent of his actual tax liability for 2004.[6]  Buckardt did not make any part of the required annual payment on the dates required by the statute for 2004; thus, he is liable for the section 6654(a) addition to tax for 2004.  Similarly, Buckardt is liable for the section 6654(a) addition to tax for 2005 because he filed zero-income returns for 2004 and 2005 after the notices of deficiency were issued.  Consequently, the IRS has satisfied its burden of production that Buckardt is

---

[6]We need not compare the sec. 6654(d)(1)(B)(i) amount to the sec. 6654(d)(1)(B)(ii) amount because Buckardt did not file a return for 2003 for purposes of sec. 6654(d)(1)(B).  See Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  He did not file a return for 2004 for purposes of sec. 6654(d)(1)(B); thus, his required annual payment is 90 percent of his actual tax liability for 2004.

liable for the section 6654(a) addition to tax for both 2004 and 2005.  See Wheeler v. Commissioner, supra at 210-212.

The section 6654(a) addition to tax is mandatory unless the taxpayer qualifies for one of the exceptions listed in section 6654(e).  See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960); sec. 1.6654-1(a)(1), Income Tax Regs.  None of the exceptions exonerates Buckardt from the addition to tax. Therefore, Buckardt is liable for the section 6654(a) additions to tax for 2004 and 2005.

III. Penalty Under Section 6673

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 for taking frivolous or groundless positions in a Tax Court proceeding or instituting or maintaining a proceeding primarily for delay.  A position is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unpublished decision of this Court; see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known the claim was frivolous), affg. an unpublished decision of this Court.

Buckardt has made arguments in this proceeding that are frivolous or groundless, such as the section 861 argument and the assessment argument. See <u>Takaba v. Commissioner</u>, 119 T.C. at 294-295; <u>Williams v. Commissioner</u>, 114 T.C. at 138-139; <u>Cain v. Commissioner</u>, T.C. Memo. 2006-148; <u>Olson v. Commissioner</u>, T.C. Memo. 2004-234; <u>Dashiell v. Commissioner</u>, T.C. Memo. 2004-210. However, not all of Buckardt's arguments are frivolous. He was correct that the section 6020(b) substitutes for returns the IRS submitted to this Court were defective. The IRS argues that its Motion for Penalties Under Section 6673 should be granted because Buckardt persisted in making the assessment argument in his brief despite being warned by the Court at trial that the argument was incorrect. The IRS asserts that his persistence in making the argument shows that this proceeding was instituted primarily for delay. (We also note that Buckardt asserted the section 861 argument in his brief despite being warned by the Court at trial that it was groundless.) We decline to impose a penalty under section 6673. One of Buckardt's arguments is not frivolous, and we have resolved two issues in his favor. However, we warn Buckardt that the Court may impose this penalty in the future if he makes frivolous arguments or institutes or maintains proceedings primarily for delay.

In reaching our holdings here, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.