T.C. Memo. 2012-170

UNITED STATES TAX COURT

ELMER JON BUCKARDT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29924-09L.                    Filed June 18, 2012.

Elmer Jon Buckardt, pro se.

Lisa M. Oshiro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Petitioner petitioned the Court to review determinations of

the Internal Revenue Service's (IRS) Office of Appeals (Appeals Office) sustaining

(1) the filing of a notice of Federal tax lien relating to petitioner's unpaid Federal

income taxes for 2001 and 2002 and section 6702[1] civil penalty for 2000,[2] (2) the filing of a notice of Federal tax lien relating to petitioner's unpaid Federal income tax for 2000 and section 6702 penalties for 2001 and 2002, and (3) a proposed levy to collect petitioner's Federal income taxes and section 6702 penalties for 2000-02. Pursuant to section 6330(d), petitioner timely filed a petition seeking review of respondent's determinations. Respondent filed a motion to permit levy pursuant to section 6330(e)(2) and a motion to impose a penalty under section 6673(a). As discussed below, we shall sustain the notices of determination and grant respondent's motion to permit levy but shall not impose a penalty under section 6673(a) at this time.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Although respondent assessed and is attempting to collect the sec. 6702 penalty, the Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (first lien notice) and the related notice of determination showed a sec. 6672 penalty and not a sec. 6702 penalty. However, the activity record of Settlement Officer L. Silva who was assigned to the case and other parts of the attachment to the notice of determination show that Settlement Officer Silva addressed the correct penalty. We therefore treat the references to the sec. 6672 penalty as typographical errors.

## FINDINGS OF FACT

Some facts have been stipulated and are so found. We incorporate the stipulated facts into our findings by this reference. Petitioner resided in Washington when he filed his petition.

Petitioner failed to file his Federal income tax returns for 2000-02. Respondent prepared substitutes for returns for petitioner under section 6020(b). On dates that do not appear in the record respondent mailed petitioner, and petitioner received, a notice of deficiency for 2000. On May 19, 2003, respondent assessed petitioner's Federal income tax liability, interest, and an addition to tax under section 6651(a)(1) for failure to timely file a return for 2000.

At some point in 2004 respondent mailed petitioner, and petitioner received, separate notices of deficiency for 2001 and 2002. Petitioner filed petitions in response to the notices of deficiency for 2001 and 2002, but this Court dismissed both cases for failure to state a claim.

On March 7, 2005, respondent assessed petitioner's Federal income tax liability, interest, and additions to tax under section 6651(a)(1) for failure to timely file a return and section 6654(a) for failure to pay estimated tax for 2001. On May 30, 2005, respondent assessed petitioner's Federal income tax liability, interest, and additions to tax under section 6651(a)(1) for failure to timely file a return and

section 6654(a) for failure to pay estimated tax for 2002.[3]  Respondent issued petitioner notices of balance due for each year, but petitioner failed to remit to respondent the amounts due.

At some point before June 2008 petitioner filed what respondent determined to be frivolous returns for 2000-02.  On or about May 5, 2008, petitioner mailed a letter to the IRS in which petitioner asked 16 questions, such as which information he submitted to the IRS was frivolous, what was the meaning of "frivolous", "position", and "arguments advanced", as well as a number of questions regarding the section 6702 penalty for frivolous tax returns and submissions.  In his letter petitioner stated that he expected a meaningful clarification of the reasons for the IRS' "'frivolous' allegation" within 30 days.  In conclusion petitioner stated that he preferred all correspondence in writing.

On June 23 and September 1 and 8, 2008, respondent assessed petitioner section 6702 penalties for filing frivolous Federal income tax returns for 2000, 2001, and 2002, respectively.  On the same dates respondent issued petitioner notices of balance due.

---

[3]On November 14, 2005, respondent also assessed petitioner an addition to tax under sec. 6651(a)(2) for failure to timely pay tax for 2000.  On September 3, 2007, respondent assessed petitioner additions to tax under sec. 6651(a)(2) for failure to timely pay taxes for 2001 and 2002.

On November 12, 2008, respondent mailed petitioner the first lien notice informing him that a notice of Federal tax lien had been filed with respect to his unpaid Federal income tax liabilities for 2001 and 2002 and for the unpaid section 6702 penalty assessed for 2000.[4] On November 29, 2008, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice) with respect to his liability for the unpaid Federal income tax liabilities and section 6702 penalties for 2000-02. On December 9, 2008, respondent mailed petitioner a lien notice informing him that a notice of Federal tax lien had been filed with respect to his unpaid Federal income tax liability for 2000 and the unpaid section 6702 penalties assessed for 2001 and 2002 (second lien notice). On December 23, 2008, petitioner mailed respondent a letter asserting that the IRS had violated his due process rights. In the December 23, 2008, letter, petitioner referred to the notices of deficiency for 2000-02.

Petitioner timely submitted three letters requesting a hearing. In each letter he stated that he disagreed with respondent's collection actions for the following reason:

> A procedurally proper assessment is the instrument that establishes liability, whether it be a tax itself, the interest or penalties. No

---

[4]As discussed above, see supra note 2, the first lien notice contained a typographical error and referred to the sec. 6672 penalty.

assessment is on the record. I request that a procedurally proper assessment be provided to me within 30 days of this request. I do not want a Form 4340, which is merely presumptive evidence of an assessment.

In the letter requesting a hearing with respect to the final notice, petitioner also stated that he had "no receipts from a federally connected activity."

Petitioner's cases were assigned to Settlement Officer Silva. On April 28, 2009, Settlement Officer Silva mailed petitioner three letters acknowledging the receipt of his correspondence and scheduling a telephone hearing for May 26, 2009. The letters informed petitioner that he would not be able to raise the issue of the underlying liabilities during the hearing because he had had prior opportunities to dispute the balances owed. Settlement Officer Silva also stated that the Appeals Office would not consider the frivolous issues that petitioner had raised in his request for a section 6330 hearing. Settlement Officer Silva enclosed transcripts of petitioner's tax accounts and requested that he provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On or about May 19, 2009, Settlement Officer Silva mailed petitioner a letter stating that per petitioner's request received May 8, 2009, the section 6330 hearing would be conducted through correspondence and that the May 19, 2009, letter was

petitioner's section 6330 hearing. In the May 19, 2009, letter, Settlement Officer Silva wrote that petitioner's position was intended to delay or impede Federal tax administration or was a "specified frivolous position". Settlement Officer Silva allowed petitioner additional time to amend his hearing request and raise legitimate issues, such as collection alternatives, challenges to the appropriateness of collection action, or spousal defenses, if applicable. Settlement Officer Silva again requested petitioner to provide a completed Form 433-A.

In the May 19, 2009, letter, Settlement Officer Silva also stated that if petitioner failed to withdraw frivolous issues from his requests for a hearing or withdraw those hearing requests, section 6702(b) authorized the IRS to impose a $5,000 penalty. Settlement Officer Silva acknowledged petitioner's entitlement to challenge the underlying liabilities because the IRS did not issue a notice of deficiency with respect to the section 6702 penalties. On May 26, 2009, Settlement Officer Silva mailed petitioner two letters similar to the May 19, 2009, letter, which constituted petitioner's section 6330 hearings with respect to the second lien notice and the levy notice. By the May 26, 2009, letters, Settlement Officer Silva gave petitioner the opportunity to amend his hearing requests and submit the Forms 433-A by June 9, 2009.

On June 1, 2009, petitioner mailed a letter demanding that Settlement Officer Silva accept his returns as filed and withdraw the notice of lien within 10 days, reiterating his demand for a record of assessment, and stating that under the Code the domestic income of most Americans is not taxable. Petitioner also demanded that his case be assigned to an Appeals officer rather than a settlement officer. Instead of enclosing a completed Form 433-A, petitioner attached a statement claiming, among other things, that information sought in the Form 433-A was protected by the Fourth and Fifth Amendments to the U.S. Constitution.

On November 19, 2009, respondent sent petitioner three Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the two notices of lien and the final notice. According to the attachments to the notices of determination, the Appeals Office concluded that (1) all legal and administrative requirements had been met, (2) petitioner failed to raise any nonfrivolous issues or suggest collection alternatives, and (3) the liens and the levy properly balanced the need for efficient collection of taxes with the concerns regarding the intrusiveness of the collection actions. Petitioner timely petitioned this Court, challenging respondent's determinations. In the petition, petitioner challenged respondent's authority to make a substitute for return, demanded a record of assessment other than a Form 4340, Certificate of Assessments, Payments,

and Other Specified Matters, and asserted he owed no taxes for 2000-02 because his "income derived from a domestic statutory grouping (source), which did not appear in any operative section".

OPINION

I.      The Collection Actions

    A.      In General

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes. The lien arises when the assessment is made. Sec. 6322. Section 6320(a) requires the Secretary[5] to notify the taxpayer in writing of the filing of a notice of Federal tax lien and of the taxpayer's right to an administrative hearing on the matter. Similarly, before proceeding with a levy, the Secretary must notify the taxpayer in writing of the right to a hearing. Sec. 6330(a) and (b)(1). During the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded

---

[5]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. <u>See</u> sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must issue a notice of determination regarding the validity of the filed Federal tax lien and/or whether the proposed levy action may proceed. The Appeals Office is required to take into consideration: (1) verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek judicial review by appealing to this Court. Sec. 6330(d). We have jurisdiction to review the Commissioner's determination when the underlying tax liability consists of frivolous return penalties. <u>Callahan v. Commissioner</u>, 130 T.C. 44, 48-49 (2008). Where the validity of the underlying tax liability is properly at issue, the Court reviews the determination regarding such liability de novo.

Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly at issue, the Court reviews the determination of the Appeals Office for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999); see also Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

### B. Review of Respondent's Determinations

Petitioner acknowledges that he received the notices of deficiency for 2000-02. Accordingly, he may not challenge in this proceeding the existence or the amount of his Federal income tax liabilities for the years at issue. See sec. 6330(c)(2)(B). Petitioner did not receive a notice of deficiency with respect to the section 6702 penalties because the deficiency procedures of sections 6211-6216 do not apply to frivolous return penalties under section 6702. Sec. 6703(b). Petitioner also did not have an opportunity to dispute those penalties. Accordingly, petitioner was entitled to challenge the section 6702 penalties during the section 6330 hearing. See Callahan v. Commissioner, 130 T.C. at 50; see also Grunsted v. Commissioner, 136 T.C. 455, 458 (2011).

Although petitioner was entitled to challenge the section 6702 penalties during the section 6330 hearing, in his correspondence with the Appeals Office he did not present evidence or argument regarding why he was not liable for them. Instead, he stated that there was no assessment on the record and that he should have been provided with a procedurally proper assessment rather than a Form 4340. In subsequent correspondence he demanded definitions of the words "frivolous" and "position" and asserted other similar arguments, but he did not argue that he should not be liable for the section 6702 penalties. Generally, we may consider only those issues that the taxpayer raised during the section 6330 hearing. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Petitioner did not properly raise the issue of his liability for the section 6702 penalties during the section 6330 hearing, and we therefore shall not consider it in this proceeding.[6] See Giamelli v. Commissioner, 129 T.C. at 115; Granger v. Commissioner, T.C.

---

[6]In addition, we deem petitioner to have conceded the issue of whether he is liable for the sec. 6702 penalties because his petition contains no specific allegations or supporting facts regarding them. See Rule 34(b)(4). Petitioner's frivolous and groundless arguments at trial also do not raise any legitimate issue regarding these penalties. Accordingly, respondent has no burden of production under sec. 7491(c) with respect to the sec. 6702 penalties. See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).

Memo. 2009-258; <u>Stockton v. Commissioner</u>, T.C. Memo. 2009-186; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because the issue of petitioner's underlying liabilities is not properly before us, we review for abuse of discretion the Appeals Office's conclusion to proceed with the collection actions.

In his requests for a section 6330 hearing and in the petition, petitioner stated that he disagreed with the collection actions because the Form 4340 was merely "presumptive evidence of an assessment." We previously have held that no specific form of verification of an assessment is required, that no particular document need be provided to a taxpayer at a section 6330 hearing, and that a Form 4340 satisfies the verification requirements of section 6330(c)(1). <u>See</u> <u>Burke v. Commissioner</u>, 124 T.C. 189, 195 (2005); <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001). The Forms 4340 in the record show that respondent assessed the tax liabilities that he now intends to collect from petitioner and that respondent sent petitioner notices of balance due. Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information

contained in the Forms 4340. Petitioner failed to raise any other issue during his section 6330 hearing.[7]

We reject the other arguments petitioner raised in his petition and at trial. Petitioner asserts that respondent lacked the authority to prepare substitutes for returns for petitioner. Petitioner is mistaken. Under section 6020(b)(1), the Secretary has the authority to execute a return "[i]f any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return".

In his petition, petitioner also contended that he did not owe any tax because "all income derived from a domestic statutory grouping (source), which did not appear in any operative section and therefore could not be included in gross income". We reject petitioner's argument because the Code imposes an income tax on income from sources within and without the United States. See sec. 1.1-1(b), Income Tax Regs.

---

[7]The notices of determination with respect to the lien notices refer to a taxpayer that appears to be unrelated to petitioner and are poorly written and edited. However, these lien notices show that Settlement Officer Silva fully addressed the merits of petitioner's case.

The record reflects that the Appeals Office properly verified that the requirements of all applicable laws and administrative procedures were met. Accordingly, we hold that the Appeals Office did not abuse its discretion in determining to proceed with collection against petitioner.

C.    Respondent's Motion To Permit Levy

Generally, section 6330(e)(1) provides that the Secretary may not proceed with collection by levy if the taxpayer timely requests a section 6330 hearing and while any appeals from such a hearing are pending. Section 6330(e)(2) provides an exception to the suspension of the levy imposed under section 6330(e)(1) if the taxpayer's underlying tax liability is not at issue and the Court determines that good cause is shown not to suspend the levy. We have jurisdiction to consider respondent's motion to permit levy. See Burke v. Commissioner, 124 T.C. at 196. We have held that good cause exists when the taxpayer fails to assert any meritorious arguments as to why the collection action may not proceed. Id. at 196-197.

Respondent requests us to permit levy only with respect to the Federal income tax liabilities for 2000-02 and not with respect to the section 6702 penalties. As discussed supra p. 11, petitioner is barred from challenging the existence or amount of his underlying tax liabilities for 2000-02 in this

proceeding. <u>See</u> sec. 6330(c)(2)(B). In addition, petitioner failed to advance any nonfrivolous argument or offer a collection alternative. Throughout this proceeding petitioner has failed to raise any meritorious argument. We shall grant respondent's motion to permit levy.

II.    <u>Section 6673 Penalty</u>

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. <u>See also</u> <u>Burke v. Commissioner</u>, 124 T.C. at 189. We have imposed the section 6673(a) penalty when taxpayers abused the procedural protections afforded by sections 6320 and 6330. <u>See</u> <u>id.</u>; <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).

Petitioner is no stranger in this Court: He has filed four petitions for redetermination of deficiencies. In <u>Buckardt v. Commissioner</u>, T.C. Memo. 2010-145, we sustained the Commissioner's determination of deficiencies and additions to tax under sections 6651(a)(1) and (2) and 6654(a) for 2003-05 but declined to impose the section 6673(a)(1) penalty. However, we warned petitioner that we would do so in the future if he continued to make frivolous arguments or instituted

or maintained proceedings primarily for delay. See id. In Buckardt v. Commissioner, T.C. Dkt. No. 22131-10 (Sept. 15, 2011) (bench opinion), which we decided after the trial in this case, we sustained the Commissioner's determination of the deficiency and accuracy-related penalty under section 6662(a) for 2008 and required Mr. Buckardt to pay a $25,000 penalty pursuant to section 6673(a)(1).[8]

Petitioner's statements in the petition and the reply and at trial demonstrate that he has not fully abandoned arguments that we typically describe as frivolous. However, this is petitioner's first collection review proceeding in this Court. He cooperated in the stipulation process and did not raise his income grouping argument at trial. In the exercise of our discretion, we shall not impose a section 6673 penalty at this time, but we warn petitioner that we may impose this penalty if he returns to this Court and makes similar arguments in the future.

---

[8]As discussed above, see supra p. 3, petitioner also filed petitions in this Court in 2004 in response to the notices for deficiencies for 2001-02. Both of those cases were dismissed for failure to state a claim upon which relief can be granted.

We have considered all of the arguments raised by either party, and to the extent not discussed above, we find them to be irrelevant or without merit.

To reflect the foregoing,

An order will be entered granting respondent's motion to permit levy and denying respondent's motion to impose the section 6673 penalty, and decision will be entered for respondent.