T.C. Memo. 2013-291

UNITED STATES TAX COURT

CHRISTOPHER V. POHL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23061-12L.                    Filed December 23, 2013.

Christopher V. Pohl, pro se.

<u>Kathleen K. Raup</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy.[1]

After concessions, the sole issue for decision is whether the IRS erred in

sustaining the notice of intent to levy and determining to proceed with collection

of frivolous return penalties, in the aggregate amount of $30,000, assessed against

petitioner for tax years 2005-10.[2]  The IRS has moved for summary judgment

under Rule 121, contending that there are no disputed issues of material fact and

that its action in sustaining the levy was proper as a matter of law.  We agree and

accordingly will grant the motion.

## Background

Petitioner earned wages and other compensation from various business

activities during 2005-10.  He worked for several businesses and ran his own

window washing company, but his primary source of income was from his

employment at Borgata Hotel Casino & Spa in Atlantic City, New Jersey.  His

income from Borgata began in 2005, grew in 2006, and averaged about $50,000 in

tax years 2007-10, when it became his main source of income.  For all six tax

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent has conceded an erroneous assessment of $2,529 in tax and penalty for 2004 and duplicate assessments of frivolous return penalties for 2005-10.  All of those assessments are in the process of being abated.

[*3] years at issue, petitioner and the IRS received third-party information returns --i.e., Forms W-2, Wage and Tax Statement, and Forms 1099-MISC, Miscellaneous Income--reporting the wages and nonemployee compensation that petitioner received. The Forms W-2 showed a small amount of Federal income tax withholding for two of the years at issue and no Federal income tax withholding for the other years. The Forms W-2 reflected withholding of some employment tax for each year.

Petitioner did not file Federal income tax returns for any of the years at issue. After commencing an examination in September 2010, respondent learned through the summons process that petitioner had asserted to at least one employer that he was "tax exempt." This appeared to explain why petitioner's employers had withheld very little tax from his paychecks.

On April 7, 2011, an IRS revenue agent (RA) had a face-to-face meeting with petitioner at respondent's May's Landing, N.J., office. At the meeting petitioner hand delivered purported "tax returns" for 2005-10, each prepared on Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. On each of these documents petitioner listed his occupation as "non-federal worker"; reported his income from wages as zero; sought refund of all taxes (including employment taxes) withheld during each year; and attached

[*4] allegedly "corrected" Forms 1099-MISC. On these forms petitioner covered the wages reported by his employers with correction fluid and replaced those amounts with zero.

On April 11, 2011, the RA sent petitioner copies of relevant Code provisions and judicial opinions addressing frivolous tax returns. On May 13, 2011, the RA forwarded petitioner's purported "tax returns" for 2005-10 to the IRS Frivolous Return Program (FRP) in Ogden, Utah. On August 10, 2011, an FRP staff member mailed petitioner a letter warning him of the potential consequences of taking frivolous return positions. The letter clearly outlined respondent's conclusion that petitioner had taken frivolous positions on his 2005-10 "returns" and warned petitioner that the IRS would assess a $5,000 penalty for each year for which he filed a frivolous return. The letter alerted petitioner to his statutory right to withdraw his "returns" and file nonfrivolous returns within 30 days. If he did so, petitioner would avoid the $5,000 penalty imposed by section 6702 upon any person who files "what purports to be a return of tax" but "does not contain information on which the substantial correctness of the self-assessment may be judged" and is "based on a position which the Secretary has identified as frivolous."

[*5]   On September 14, 2011, petitioner replied by reiterating his position that he is exempt from taxation because, as a private sector worker, he is not an "employee" under section 3401 and therefore cannot receive "wages."  He again demanded a refund of withheld taxes and attached copies of the purported "tax returns" that the IRS had already determined to be frivolous.

On November 21, 2011, respondent assessed a $5,000 frivolous return penalty under section 6702 for each of the six tax years at issue and sent petitioner a notice of balance due for 2005-10.  Having received no payment, respondent on April 2, 2012, issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing under Section 6330.  By letter dated May 1, 2012, petitioner requested a CDP hearing.  By letter dated June 1, 2012, a settlement officer (SO) from respondent's Appeals Office acknowledged petitioner's hearing request and scheduled a telephone CDP hearing for July 5, 2012, to discuss any nonfrivolous issues that petitioner wished to raise.  In addition, the SO noted in her case activity record for petitioner on June 1 her verification that respondent had made valid assessments of the frivolous return penalties.

By letter dated June 29, 2012, petitioner sent the SO more copies of the "returns" he had submitted previously.  He reiterated his contentions that he is exempt from tax and that the IRS cannot rely upon Forms W-2 and Forms 1099-

**[\*6]** MISC to establish the wages and nonemployee income that he received. Petitioner alternatively argued that he is not a "person" within the meaning of section 6041(a) and hence that Form 1099-MISC reporting does not apply to him.

During the CDP hearing on July 5, 2013, petitioner did not supply any new information or seek a collection alternative. Respondent described the substance of the call in the notice of determination: "After 45 minutes of going around in circles with the taxpayer asking to define words * * *, the Settlement Officer told the taxpayer that after a review of the information * * * a determination letter will be issued." On August 9, 2012, the IRS issued a notice of determination sustaining the proposed levy. Petitioner timely sought review in this Court.

## Discussion

### A. Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we

**[\*7]** construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon mere allegations or denials" but instead "must set forth specific facts showing there is a genuine dispute." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B. Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court shall apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court will review the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion. Id. at 182.

The section 6702 frivolous return penalty, as an assessable penalty, is not subject to the deficiency procedures outlined in sections 6211-6216. See sec. 6703(b). Because a taxpayer will not have received a notice of deficiency before assessment of this penalty, he can dispute his liability for the penalty at a CDP hearing and on review of the CDP determination in this Court, in the absence of

**[\*8]** any other opportunity to contest it.  See <u>Callahan v. Commissioner</u>, 130 T.C. 44, 49-50 (2008).  In this setting, the frivolous return penalty is the "underlying tax liability," and the taxpayer is entitled to de novo review of this liability if he has raised a meaningful challenge to the penalty at his CDP hearing.  See <u>id.</u>; <u>Goza v. Commisioner</u>, 114 T.C. at 182.

However, de novo review of frivolous return penalties is not automatic.  To receive de novo review, the taxpayer at the CDP hearing must make a meaningful challenge to the penalty itself--e.g., by plausibly contending that his return contains sufficient "information on which the substantial correctness of the self-assessment may be judged," sec. 6702(a)(1)(A), or that his position is not one "which the Secretary has identified as frivolous," sec. 6702(a)(2)(A).  If the taxpayer at his CDP hearing advances no rational argument about why the penalty does not apply but instead insists on maintaining frivolous arguments that his wages are not "income," he has not made a meaningful challenge to his liability for the penalty.  See <u>Buckardt v. Commissioner</u>, T.C. Memo. 2012-170, 103 T.C.M. (CCH) 1909, 1912.  The regulations explicitly provide that an issue is not properly raised before this Court if a taxpayer fails to present the IRS Appeals Office with any evidence relating to the issue after being afforded an opportunity to do so.  Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*9]**   The record before us clearly shows that petitioner made no meaningful challenge to the frivolous return penalties at his CDP hearing.  The only discernible argument he advanced at the hearing was that his wages are exempt from tax because he is a non-Federal worker, an argument identified as frivolous by the Secretary in Notice 2007-30, 2007-1 C.B. 883.  Because we find that petitioner did not meaningfully challenge his underlying liability for the penalty at the CDP hearing, we will apply an abuse of discretion standard to our review of the SO's determination.

C.  Analysis

Because petitioner's underlying liability is not at issue, the only question we consider is whether respondent properly sustained a levy to collect this liability.  We review the record to determine whether the Appeals officer (1) verified that the requirements of applicable law and administrative procedure have been met; (2) considered whether the issues petitioner raised have merit; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).  At the CDP hearing, the taxpayer may raise any relevant issue relating to the unpaid tax

[*10] or levy, including "challenges to the appropriateness of collection actions" and "offers of collection alternatives." Sec. 6330(c)(2)(A)(ii) and (iii).

Petitioner at the CDP hearing raised no colorable issues about the penalties or the levy, and he offered no collection alternative. Rather, his assertions at both the administrative and litigation stages of this case have consisted entirely of frivolous arguments. A sampling of his arguments includes the assertions that he has no "wages" because he is not an employee of the Federal Government; that Forms 1099-MISC and W-2 may not be used for private sector workers; the IRS may not rely on information returns received from third parties; and that the IRS lacks authority to levy on the property of private sector workers.[3]

It is clear from our review of the record that the Appeals officer verified that the requirements of any applicable law and administrative procedure were followed; that petitioner's claims lack merit; and that in sustaining the levy the Appeals officer properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no

---

[3]Among the many frivolous arguments petitioner advances is the assertion that he is entitled to a refund of all Federal tax withheld for the years at issue. This Court is a court of limited jurisdiction; in our review of this CDP case, we cannot consider a claim for refund. See Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006).

[*11] more intrusive than necessary." Sec. 6330(c)(3). Petitioner contends that the IRS did not make a "lawful assessment" of the frivolous return penalties because it assertedly failed to satisfy the procedural requirements of section 6751(b). We reject this contention. Section 6330(c)(1) requires the Appeals officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." A determination of lawful assessment is a component of this verification requirement. See Ron Lykins, Inc. v. Commissioner, 133 T.C. 87, 96-97 (2009). The administrative record includes multiple entries by the SO confirming that she verified that valid assessments of the frivolous return penalties had been made. Finding no abuse of discretion in any of these respects, we will grant summary judgment for respondent and affirm the proposed collection action.

D. Sanctions

This Court now considers sua sponte whether to impose sanctions on petitioner under section 6673(a)(1). This section authorizes the imposition of a penalty not in excess of $25,000 when a taxpayer has instituted or maintained Tax Court proceedings primarily for delay or has taken a frivolous or groundless position in this Court.

[*12] The positions petitioner maintains are unquestionably frivolous, and this Court would therefore be justified in imposing additional sanctions. However, because this appears to be petitioner's first foray into this Court, we instead offer a word of caution. Petitioner is admonished to refrain from advancing frivolous arguments in any future filings he may make in this Court, because the Court next time is unlikely to show leniency. Failure to heed this warning may lead to the imposition of a substantial monetary penalty under section 6673(a)(1).

<u>An appropriate order and decision</u>

<u>will be entered</u>.