**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELMER JON BUCKARDT,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

No. 12-72119

Tax Ct. No. 29924-09

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Elmer Jon Buckardt appeals pro se from the Tax Court's decision, after a bench trial, sustaining notices of determination and granting the Commissioner of Internal Revenue's motion to collect by levy unpaid federal income taxes for tax years 2000, 2001, and 2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the Tax Court's legal conclusions, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994), and for clear error its factual determinations, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006). We affirm.

The Tax Court properly sustained the collection actions because Buckardt received the notices of deficiency for the tax years at issue but did not challenge the underlying liabilities, and therefore could not raise those issues in the hearing regarding the proposed levy. *See* 26 U.S.C. § 6330(c)(2)(B) (a person may raise challenges to underlying tax liability in the hearing regarding a proposed levy "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").

The Tax Court did not abuse its discretion by admitting into evidence certified Certificates of Assessments and Payments ("Form 4340"). *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) ("Form 4340 is admissible as a public record . . . . Form 4340 is probative evidence in and of itself and, 'in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made.'" (alteration in original; citation omitted)); *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990) (standard of review).

12-72119

Buckardt's remaining arguments are without merit.

**AFFIRMED.**