T.C. Memo. 2019-111

UNITED STATES TAX COURT

GEORGE J. SMITH AND SHEILA ANN SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6105-16.                    Filed September 3, 2019.

Ps omitted from their income tax returns amounts they received as interest and for work performed.  Ps claim that, because R assessed I.R.C. sec. 6702 frivolous return penalties, he must make I.R.C. sec. 6020(b)(1) substitute returns for Ps before he can claim the returns they filed are incorrect.  Ps also argue that they were not employees within the meaning of I.R.C. ch. 21 (Federal Insurance Contributions Act) and that moneys they received in exchange for their labor were not wages as defined in I.R.C. ch. 24 (Collection of Income Tax at Source on Wages).  Moreover, they argue that the income tax is an excise tax and they did not engage in activities subject to excise tax during the years in question.

Held:  I.R.C. sec. 6020(b)(1) does not require R to make a substitute return for Ps, even if the returns they filed are subject to frivolous return penalties.

Held, further, Ps' compensation for services and interest were items of gross income.

[*2]        Held, further, Ps' excise tax argument is meritless.

        Held, further, Ps are subject to an I.R.C. sec. 6651(a)(1)
addition to tax for failure to file a timely return.

        Held, further, Ps are subject to I.R.C. sec. 6673(a)(1) sanctions
for maintaining frivolous and baseless positions.

George J. Smith and Sheila Ann Smith, pro sese.

William D. Richard, Lisa M. Oshiro, and Alicia H. Eyler, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  Respondent determined deficiencies in, additions to,

and penalties with respect to petitioners' 2013 and 2014 Federal income tax as

follows:

|  |  | Additions to tax | | Penalty |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | sec. 6662(a) |
| 2013 | $6,109 | $1,375 | $733 | $1,222 |
| 2014 | 6,281 | --- | 178 | 1,188 |

Unless otherwise noted, all section references are to the Internal Revenue

Code (Code) of 1986, as amended and in effect for 2013 and 2014, and all Rule

[*3] references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar. Respondent has conceded both the section 6651(a)(2) additions to tax and the section 6662(a) penalties, and we will not further discuss them.

FINDINGS OF FACT

The parties have stipulated certain facts and the authenticity of certain documents. The facts stipulated are so found, and documents stipulated are accepted as authentic. When they filed the petition, petitioners resided in the State of Washington.

During the years at issue, petitioner George J. Smith worked for Staples Contract & Commercial, Inc. (Staples). In consideration for his labor, Staples paid him $46,938 in 2013 and $46,635 in 2014. During those years, petitioner Sheila Ann Smith worked for Fife Maritime, Inc. (Fife). In consideration for her labor, Fife paid her $18,938 in 2013 and $6,368 in 2014. During 2013, she also was paid $789 by Microsoft Corp. for products or services rendered to it. During 2014, she worked for Met Homes, and, in consideration for her labor, it paid her $10,648 in 2014. During a portion of 2014, Mrs. Smith was unemployed, and, on account thereof, she received in that year an unemployment insurance payment of $4,578 from the Washington State Employment Security Department. During 2013 and

[*4] 2014, petitioners maintained an account at Harborstone Credit Union (Harborstone), which paid them interest of $27 in 2013 and $31 in 2014.

Petitioners made joint returns of income for 2013 and 2014 on Forms 1040, U.S. Individual Income Tax Return. On their 2013 return, they reported no items of income, claimed no deductions other than a deduction for personal exemptions of $7,800, showed Federal income tax withheld of $5,030, and claimed an overpayment of tax in that amount. In total, they did not report as income on their 2013 return $66,692 they received in 2013 as interest and for work performed. Their 2014 return was similar except that they reported as an item of gross income $4,578 of unemployment compensation, claimed a standard deduction of $7,822 and a deduction for personal exemptions of $7,900, reported no tax withheld, and claimed an overpayment in tax of $5,213. In total, they did not report as income on their 2014 return $63,682 received by them in 2014 as interest and for work performed. Respondent received petitioners' 2013 Form 1040 on April 20, 2015.

In March 2016, respondent assessed section 6702 penalties for filing frivolous returns, which he had imposed on petitioners on account of their 2013 and 2014 returns.

**[*5]**                                    OPINION

I.    Introduction

Petitioners assign error to respondent's determination of deficiencies, additions to tax, and penalties.  The narrative portion of the petition is some 40 pages long, and, initially, it explains why they are not liable for the section 6702 penalties respondent assessed.  At the start of the trial, we explained to petitioners that they could not challenge the section 6702 penalties in this proceeding because (1) those penalties did not form any part of respondent's determination of the deficiencies, additions to tax, and penalties at issue in this proceeding and (2) the deficiency procedures, which allow preassessment review of certain penalties, do not apply to the civil penalties provided for in section 6702.  See sec. 6703(b); Buckardt v. Commissioner, T.C. Memo. 2012-170, 2012 WL 2285336, at *4 (stating that the deficiency procedures of sections 6211 through 6216 do not apply to frivolous return penalties under section 6702), aff'd, 584 F. App'x 612 (9th Cir. 2014).  Nevertheless, petitioners argued at trial, and continue to do so on brief, that, because respondent determined that they were deserving of civil penalties for filing frivolous tax returns, respondent was also required by section 6020(b) and

[*6] the regulations thereunder to make a return for them before he could claim that the returns they filed were incorrect.[1]

Beyond that, as best we understand petitioners' arguments as to why their returns were correct as filed (such that there are no deficiencies in tax), those arguments are as follows.  First, petitioners argue that neither were the moneys they received in exchange for their labor wages as defined in section 3401(a) nor were they employees within the meaning of section 3121(b).  The former provision defines the term "wages" for purposes of chapter 24 of the Code, dealing with the withholding of income tax from wages paid, while the latter provision defines the term "employment" for purposes of chapter 21 of the Code, imposing the Federal Insurance Contributions Act (Social Security) tax.  Second, they argue

---

[1]Sec. 6020(b)(1) provides:

Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

Sec. 301.6020-1(b)(1), Proced. & Admin. Regs., adds "frivolous" to the adjectives describing the disfavored class of return.

**[*7]** that the income tax is an excise tax that does not apply to the income they received and failed to report.

Except for petitioners' receipt of the Harborstone interest payments, petitioners bear the burden of proof. See Rule 142(a)(1).[2]

## II.    Deficiencies in Income Tax

We need not spill much ink in addressing petitioners' various arguments. Petitioners elaborate their section 6020(b) argument as follows:  "Respondent is

---

[2]Sec. 7491(a)(1) provides that, if a taxpayer offers credible evidence with respect to any issue relevant to determining his tax liability, the burden of proof with respect to the issue is on the Commissioner.  See also Rule 142(a)(2).  Sec. 7491(a)(1) applies only if the taxpayer complies with the relevant substantiation requirements in the Code, maintains all required records, and cooperates with the Commissioner with respect to witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2)(A) and (B).  The taxpayer bears the burden of proving compliance with the conditions of sec. 7491(a)(2)(A) and (B).  See, e.g., Mileham v. Commissioner, T.C. Memo. 2017-168, at *30.  Petitioners neither propose facts to support their compliance with the conditions of sec. 7491(a)(2)(A) and (B) nor persuasively argue that respondent bears the burden of proof on any issues because of sec. 7491(a)(1).  We therefore conclude that sec. 7491(a)(1) does not apply in this case.

Nevertheless, Rule 142(a) places on respondent the burden of proof with respect to any new matter.  Petitioners' receipt of interest payments from Harborstone during the years at issue is not included among the items giving rise to the deficiencies in income tax shown on the table at the beginning of this report. The fact that petitioners received those payments, however, was stipulated by the parties and was tried with their implicit consent.  See Rule 41(b)(1); see also Hughes v. Commissioner, T.C. Memo. 1994-139, T.C.M. (RIA) para. 94,139, at 94-708 n.24 (1994).  The parties' stipulation satisfies respondent's burden to prove receipt of the interest payments.

[*8] required by statute to create and subscribe its [sic] own contrary returns when alleging that those previously filed are required and are false, whether willfully or otherwise." However, petitioners recognize that there are numerous cases holding that section 6020(b)(1) does not give rise to a mandatory duty to prepare a substitute return. E.g., Schiff v. United States, 919 F.2d 830, 832-833 (2d Cir. 1990) (citing Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988)); Hartman v. Commissioner, 65 T.C. 542, 545 (1975). Although petitioners seek to overcome the uniform weight of authority by noting that those and similar cases involve a failure to file a return rather than the filing of a false or frivolous return, they fail to suggest why that factual distinction should affect our "interpretation of a statute that is equally triggered by either a 'fail[ure] to make any return required by any internal revenue law or regulation' or the 'mak[ing], willfully or otherwise, [of] a false or fraudulent return.'" United States v. Hendrickson, No. 08-20585, 2013 WL 1759170, at *2 (E.D. Mich. Apr. 24, 2013) (quoting section 6020(b)(1)). "In either case, the * * * [Secretary] is granted precisely the same authority to create a substitute return, and any statutory duty to do so surely would arise under either circumstance." Id. We agree. The fact that respondent believes that petitioners took positions that are frivolous on their 2013 and 2014 returns and, for that reason, are deserving of section 6702 penalties has no bearing on

[*9] whether respondent must make substitute returns for petitioners before he can determine deficiencies in their 2013 and 2014 Federal income tax. He need not.

We may be even briefer in disposing of petitioners' other two arguments. Subtitle A of the Code sets forth the provisions governing the Federal income tax. See generally secs. 1-1563. In relevant part, section 1 provides for the imposition of an income tax on all "taxable income", which is defined as "gross income" minus the deductions that the chapter allows. Sec. 63(a). In turn, "gross income" is defined in section 61(a) as "all income from whatever source derived, including (but not limited to) * * * (1) Compensation for services * * * [and] (4) Interest". Petitioners concede that, during the years at issue, they received for their labor and as interest the amounts by which respondent adjusted (increased) their gross income for those years. Nevertheless, petitioners argue that the compensation payments received from their employers during 2013 and 2014 were not wages as defined in section 3401(a) and that they were not employees as defined in section 3121(b). At trial, we pointed out to petitioners that the definitions they referred to were by their terms relevant to provisions of subtitle C of the Code, addressing employment taxes and the collection of the income tax, and not to the definition of gross income in subtitle A. See sec. 61. Petitioners' legal arguments that, on account of sections 3401(a) and 3121(b), the amounts they concede that they

**[\*10]** received in exchange for their labor (compensation for their services) are not items of gross income are meritless. Indeed, the Court of Appeals for the Ninth Circuit, the venue for appeal of this case should the parties not by written stipulation agree otherwise, see section 7482(b), has held: "Taxpayers' claim that their wages are not income is frivolous", Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir. 1984).

Petitioners' final argument is that the income tax is an excise tax and that but for Mrs. Smith's receipt of unemployment compensation in 2014 they did not engage in activities subject to excise tax during the years in question. Numerous courts, including this Court, have rejected that argument as meritless, and we see no need to entertain it any further. See, e.g., Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir. 1985) (describing a taxpayer's similar argument as "baseless"), aff'g T.C. Memo. 1983-473; Parker v. Commissioner, 724 F.2d 469, 472 (5th Cir. 1984) (stating that the taxpayer's appeal has an "absence of a semblance of merit"), aff'g T.C. Memo. 1983-75; Lively v. Commissioner, 705 F.2d 1017 (8th Cir. 1983) (determining that the taxpayer's arguments are "wholly without merit"), aff'g per curiam T.C. Memo. 1982-590; Hill v. Commissioner, T.C. Memo. 2013-264, at *10 (concluding that the taxpayer's arguments are "frivolous and groundless"); Heisey v. Commissioner, T.C. Memo. 2002-41, 2002 WL 207108, at *1 ("The

[*11] contentions made by * * * [the taxpayer] in his petition and on brief are appropriately termed 'tax protester rhetoric and legalistic gibberish', and we shall not dignify such arguments with any further discussion."), aff'd, 59 F. App'x 233 (9th Cir. 2003).

We hold that the $66,665 and $63,651 petitioners received in 2013 and 2014 from Staples, Fife, Microsoft Corp., and Met Homes are amounts includible in their gross income for those years, respectively. Similarly, the $27 and $31 interest payments petitioners received in 2013 and 2014 from Harborstone are amounts includible in their gross income for those years, respectively.

III.    Additions to Tax and Penalties

A.    Introduction

Section 7491(c) requires that respondent bear the burden of production regarding additions to tax and penalties. To meet that burden, respondent must present evidence indicating that it is appropriate to impose additions to tax or penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). With certain exceptions, he also must produce evidence that he complied with the supervisory approval requirements of section 6751(b). Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Among the exceptions is any addition under section 6651. See sec. 6751(b)(2). Also,

**[*12]** section 6751(b) does not apply to the Tax Court when it imposes a penalty under section 6673(a)(1). <u>Williams v. Commissioner</u>, 151 T.C. 1, 10 (2018). If respondent carries his burden, petitioners have the burden of proving any defense to the addition or penalty, such as reasonable cause, substantial authority, or other exculpatory factors. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

B.     <u>Section 6651(a)(1) Addition to Tax for Failure To File Return</u>

Section 6651(a)(1) provides for an addition to tax in the case of a failure to file a return on or before the specified filing date. Section 6651(a)(1) does not apply if the failure to file is due to reasonable cause and not to willful neglect. Petitioners' 2013 income tax return was due on or before April 15, 2014. Sec. 6072(a). Respondent received petitioners' 2013 Form 1040 on April 20, 2015, which is more than a year after it was due. Respondent has carried his burden of showing that a section 6651(a)(1) addition to tax is appropriate, and petitioners have not shown that their failure to timely file was due to reasonable cause. We sustain the section 6651(a)(1) addition to tax for 2013.

C.     <u>Section 6673(a) Sanction</u>

In pertinent part, section 6673(a)(1) provides a penalty of up to $25,000 if the taxpayer has instituted or maintained proceedings before the Tax Court primarily for delay or the taxpayer's position in the proceeding is frivolous or

**[\*13]** groundless. "A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Rader v. Commissioner, 143 T.C. 376, 392 (2014) (quoting Goff v. Commissioner, 135 T.C. 231, 237 (2010)), aff'd in part, appeal dismissed in part, 616 F. App'x 391 (10th Cir. 2015). Furthermore, "[t]he purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." Takaba v. Commissioner, 119 T.C. 285, 295 (2002). Given the public policy interest in deterring the abuse and waste of judicial resources, the authority of the Court to impose this penalty and in what amount is broad. See Leyshon v. Commissioner, T.C. Memo. 2015-104, at \*24, aff'd, 649 F. App'x 299 (4th Cir. 2016).

At the beginning of the trial, we informed petitioners that, on the basis of our reading of the petition and their pretrial memorandum, they appeared to be proceeding with only frivolous or groundless claims. We warned them that we could impose a penalty of up to $25,000 for such conduct. After reading petitioners' 36-page posttrial brief, which repeats the arguments they made in the 40-page petition and in their pretrial memorandum, and with which we have dealt

**[*14]** <u>supra</u>, we believe that petitioners are deserving of a penalty because they lack grounds for their claim and their arguments are frivolous. We will impose on them a section 6673(a)(1) penalty of $2,500.

<u>Decision will be entered under</u>

<u>Rule 155</u>.