T.C. Memo. 2021-21

UNITED STATES TAX COURT

WILLIAM ALLEN LLANOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8424-19L.                    Filed February 22, 2021.

William Allen Llanos, pro se.

Kimberly A.Trujillo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This case was commenced in response to a Notice of
Determination Concerning Collection Action(s) under Section 6320 and/or 6330
(notice of determination) upholding proposed collection actions regarding
petitioner's unpaid income tax liability for 2013 and section 6702 penalties for
2010 and 2011.  Unless otherwise indicated, all section references are to the

**[\*2]** Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for consideration are whether (1) petitioner is liable for penalties under section 6702 for tax years 2010 and 2011[1] and (2) respondent's determination to proceed with the proposed collection was proper.

FINDINGS OF FACT

Petitioner resided in California when he timely filed his petition. Petitioner sent respondent a letter dated December 1, 2014, entitled "Request for Audit Reconsideration for 2010, 2011, and 2012". The letter states: "I fully intend that the affidavit is my return if I am required to file one." It further explains that the affidavit includes information to calculate a tax if any is due. The attachment for 2010 is entitled "Request for Determination and Statement/Return of Tax for 2010", and it states: "I intend that this document is my return if I am required to file one." The attachment for 2011 is entitled "Request for Determination and Statement/Return of Tax for 2011", and it includes the same statement as the attachment for 2010.

---

[1]Because petitioner did not contest the proposed collection for his unpaid income tax liability for 2013 in his petition, he has conceded the issue. See Rule 331(b)(4).

**[*3]** Both of petitioner's attachments raise the question of whether wages he received are taxable income. On March 18, 2015, respondent sent petitioner a Letter 3176C for each of 2010 and 2011 with respect to his frivolous returns, warning that he would be subject to a $5,000 penalty if he continued to assert frivolous positions. These letters requested corrected tax returns for 2010 and 2011 within 30 days.

Respondent did not receive corrected tax returns from petitioner. Petitioner, however, sent a letter dated March 20, 2015, which indicated he would correct errors and that he "simply do[es] not know if * * * [his] pay is taxable". On April 25, 2016, an Internal Revenue Service manager signed a Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, for a penalty pursuant to section 6702(a) for each of 2010 and 2011. On July 4, 2016, respondent assessed frivolous return penalties of $5,000 pursuant to section 6702(a) for 2010 and 2011.

On July 24, 2018, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to Hearing, regarding a balance of $11,543, including the penalties for 2010 and 2011 and the unpaid income tax liability for 2013. Petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, on which he indicated that he had not

**[*4]** received the required notices of deficiency for the civil penalties. Petitioner did not request any collection alternatives.

A settlement officer was assigned, and he sent petitioner a letter on October 31, 2018, scheduling a telephone hearing on February 14, 2019. During the hearing petitioner contended that notices of deficiency were required to be sent before assessment of the section 6702 penalties and that there was not proper managerial approval of the penalties. After the hearing, petitioner sent the settlement officer information in opposition to the section 6702 penalties. This information was meaningless and did not provide substantive reasons why petitioner did not owe the penalties. On April 26, 2019, respondent issued a notice of determination sustaining the levy.

## OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a collection due process (CDP) hearing. Sec. 6330(a)(1).

**[\*5]** If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1).

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved. A "tax" may include the liability for a section 6702 frivolous return penalty. Sec. 6665(a)(2). We have held that our jurisdiction under section 6330 includes review of the Commissioner's determination regarding a collection action with respect to a section 6702 frivolous return penalty. See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008).

Where the validity of the underlying tax liability is properly at issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v.

[*6] Commissioner, 122 T.C. 1, 9-10 (2004). The Court reviews administrative determinations by the Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011); Goza v. Commissioner, 114 T.C. at 182. In determining abuse of discretion we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Because the taxpayer does not receive a statutory notice of deficiency before a penalty under section 6702 is assessed, the taxpayer may challenge his or her liability for the penalty in an administrative hearing under section 6320 or 6330. Callahan v. Commissioner, 130 T.C. at 49-50. Petitioner received Letters 1058 for the penalties and requested a hearing. At the hearing petitioner had the opportunity to challenge the assessment of the penalties. He did not raise any factual or substantive challenge to the penalties.

De novo review of a section 6702 penalty determination is not automatic. See Pohl v. Commissioner, T.C. Memo. 2013-291, at *9. If the taxpayer at a CDP hearing presents no evidence or rational argument why the penalty does not apply, the taxpayer has not made a meaningful challenge to the penalty. See Buckardt v.

[*7] Commissioner, T.C. Memo. 2012-170, slip op. at 12, aff'd, 584 F. App'x 612 (9th Cir. 2014).  Because petitioner did not make meaningful challenges to the penalties, his underlying liabilities were not raised properly, and therefore, his underlying liability is not at issue before us.  See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  We review respondent's determinations regarding the proposed collection action related to those liabilities for abuse of discretion.

Following a CDP hearing the settlement officer must determine whether to sustain the proposed collection actions.  In making that determination, section 6330(c)(3) requires the settlement officer to consider:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the collection action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

We note that the settlement officer properly based his determination on the required factors.  The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection actions appropriately balanced the

[*8] need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Petitioner contends that the requirements of section 6751(b) with respect to the section 6702 penalties were not met. Section 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."

Letters 3176C, which invite petitioner to avoid the penalty by correcting the frivolous returns, are not initial determinations of penalty liability for purposes of section 6751(b). See Kestin v. Commissioner, 153 T.C. 14, 29-30 (2019). Approval of the penalties was obtained on April 25, 2016, before the assessment of the penalties on July 4, 2016. Therefore, respondent has met the requirements of section 6751(b). Accordingly, the settlement officer did not abuse his discretion and the notice of determination is sustained.

Section 6673 Sanctions

At the start of trial respondent moved that the Court impose sanctions against petitioner pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount

**[\*9]** not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

We will deny respondent's motion. Although petitioner did advance frivolous arguments during trial, he agreed to stipulations of facts and raised an argument addressing whether the penalty approval requirement of section 6751(b) was met. This case is not the first time petitioner has raised frivolous arguments before this Court. In <u>Llanos v. Commissioner</u>, T.C. Dkt. No. 9890-18 (Sept. 11, 2019) (bench opinion), read into the record on September 11, 2019, this Court made it clear that petitioner did not make any valid arguments, and the same is true of this case. Since the petition in this case was filed before the trial of petitioner's previous case, we will warn petitioner, rather than impose sanctions. If petitioner does not abandon his misguided positions, it is very likely that a sanction will be imposed in any future cases before this Court.

Any contentions we have not addressed are irrelevant, moot, or meritless. To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.