# United States Tax Court

T.C. Memo. 2022-63

CHULE RAIN WALKER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 16958-18L.                                    Filed June 15, 2022.

————

Chule Rain Walker, pro se.

*Corey R. Clapper* and *Ashley M. Bender*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, *Judge*: This case was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) that sustained a notice of federal tax lien (NFTL) filing with respect to petitioner's unpaid section 6702(a) penalty liability for tax year 2015 (year at issue).[1]

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The Stipulation of Facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Winston-Salem, North Carolina, when he timely filed his Petition

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

[*2] I.   *Background*

During the year at issue petitioner was employed by R.F. Micro Devices, Inc. (R.F. Micro), as an engineering assistant technician. R.F. Micro submitted to respondent a Form W–2, Wage and Tax Statement, for petitioner, on which R.F. Micro reported wages of $57,092 paid to petitioner during the year at issue. The Form W–2 issued by R.F. Micro for petitioner also reported federal income tax withholding of $3,168 for petitioner for the year at issue. Nicole L. Walker (petitioner's spouse) was paid $10,319 during the year at issue by her employer, Biscuitville, Inc. (Biscuitville), which also sent a Form W–2 to respondent reflecting this information. The Form W–2 submitted by Biscuitville reported $34 in federal income tax withholding for petitioner's spouse for the year at issue.

Petitioner and petitioner's spouse jointly filed Form 1040, U.S. Individual Income Tax Return, dated April 18, 2016, for the year at issue. They reported zero in wages, salaries, and tips, a total income of $1,024, and federal income tax withheld of $8,627. They claimed the standard deduction of $12,600 and $8,000 of personal exemptions.

Petitioner attached to the return Forms 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. Petitioner reported that both his wages and petitioner's spouse's wages were zero, rather than the $57,092 reported by R.F. Micro and the $10,319 reported by Biscuitville. Petitioner also attached a letter dated April 18, 2016, to the return indicating that he expected a full and complete refund of $8,627, reflecting the overpayment shown on the return. In that letter petitioner alleged that he and petitioner's spouse worked in the private sector; therefore, their wages did not constitute taxable income. Consequently they reported zero in wages, salaries, and tips on their return and claimed a full refund for taxes paid in connection with those wages.

Petitioner's return was received by respondent on April 20, 2016, and was immediately forwarded to respondent's Frivolous Return Program (FRP) unit on June 7, 2016. By letter dated August 30, 2016, respondent wrote petitioner and petitioner's spouse requesting documentation substantiating the tax withholding entry of $8,627 on their return for the year at issue.

[*3]   In response, by letter dated September 16, 2016, petitioner submitted redacted earnings statements, for himself and petitioner's spouse for the year at issue.   These redacted earnings statements showed federal income tax withholding of $3,168 in connection with his employment with R.F. Micro and federal income tax withholding of $34 in connection with petitioner's spouse's employment with Biscuitville.

The amounts of federal income tax withholding reflected in these earnings statements did not equal the federal income tax withholding reported on the return.

On November 10, 2016, respondent's FRP unit sent petitioner and petitioner's spouse a Letter 3176C advising that their return for the year at issue asserted one or more frivolous positions.  It further stated that petitioner and petitioner's spouse had to submit to respondent a corrected return within 30 days to avoid the assessment of a $5,000 frivolous return penalty under section 6702(a).  Respondent's letter warned that if petitioner and petitioner's spouse continued to submit documents asserting frivolous positions, respondent would assess a $5,000 penalty each time a frivolous submission was made. Additionally, that letter listed several examples of frivolous arguments, including, as relevant here, "excluding salaries and/or wages from income based on the argument that the value of services is not taxable or that salaries and/or wages are not income."

In response to the FRP Letter 3176C, by letter dated November 8, 2016, and sent December 8, 2016, petitioner disputed respondent's position that he and petitioner's spouse had asserted frivolous positions on their return for the year at issue and stated that respondent had failed to identify any actual flaw in their return.   In that letter, petitioner also broadly contended that respondent lacked legal authority to proceed with assessment of the section 6702 penalties.  Attached to petitioner's letter was a copy of the return for the year at issue (identified in the letter as a "reference copy"), as well as affidavits of petitioner and petitioner's spouse declaring that no frivolous positions were taken on their return.  The affidavits attached to petitioner's letter advanced frivolous arguments.

On January 18, 2017, respondent's employee obtained written supervisory approval to assess two $5,000 civil penalties against petitioner for two violations of section 6702 for filing frivolous returns. Respondent determined two separate violations arising from both petitioner's original return submission and the return copy attached to

[*4] petitioner's letter dated November 8, 2016. Accordingly, on February 13, 2017, respondent sent petitioner a Notice CP15, Notice of Penalty Charge, informing petitioner of the assessment of a total $10,000 civil penalty for the frivolous returns.

II.  *Notice of Determination and Collection Due Process*

Respondent sent petitioner a notice of intent to levy dated January 9, 2018, regarding petitioner's unpaid civil penalty of $10,000 for the frivolous returns. Respondent subsequently sent petitioner a Notice of Federal Tax Lien and Notice of Your Right to a Hearing, dated January 16, 2018, regarding petitioner's unpaid civil penalty of $10,000 for frivolous tax returns. In response to the NFTL filing only, by facsimile dated February 5, 2018, petitioner timely requested a collection due process (CDP) hearing. Attached to petitioner's CDP hearing request was an affidavit wherein petitioner continued to advance frivolous arguments in support of the positions reported on his return.

In response to petitioner's CDP hearing request, an officer from the Internal Revenue Service Appeals Office sent a letter dated April 17, 2018, indicating that petitioner's request for a CDP hearing was received and that a telephone CDP hearing was scheduled for May 22, 2018, at 2 p.m. The Appeals officer requested that petitioner submit a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, before the hearing. In response, petitioner submitted a letter dated April 27, 2018, indicating that he would prefer to conduct his CDP hearing via correspondence instead and that he did not intend to submit a completed Form 433–A because he did not seek collection alternatives. The Appeals officer accepted petitioner's request for a CDP hearing via correspondence by letter dated May 29, 2018, and requested that petitioner send any additional and supporting documentation to the Appeals Office by June 12, 2018.

On June 12, 2018, petitioner sent a letter to the Appeals Office disputing that his return for the year at issue asserted frivolous positions. In that letter petitioner (1) reiterated the frivolous positions emphasized in previous correspondence with respondent and the Appeals Office and (2) asserted that he had still not been informed of the grounds for respondent's determination that he and petitioner's spouse filed frivolous returns. On July 26, 2018, the Appeals Office issued the notice of determination sustaining the NFTL filing. In the

**[\*5]** notice of determination, the Appeals officer stated that he had verified that the requirements of any applicable law or administrative procedure had been met, including the requirement that an "assessment was properly made for each tax and period listed on the CDP notice."

On August 28, 2018, petitioner timely petitioned this Court alleging that respondent had erred in sustaining the two $5,000 civil penalties for filing frivolous tax returns in violation of section 6702.

On September 16, 2019, this case was called from the calendar at the Court's Winston-Salem, North Carolina, trial session. The parties appeared and were heard on September 17, 2019. During the trial, petitioner admitted that the positions taken on his return for the year at issue and during the CDP process, (i.e., that private sector wages do not constitute taxable income) were frivolous.

OPINION

I.   *Jurisdiction and Standard of Review*

This Court has jurisdiction to review the Commissioner's determination to proceed with a collection action, including review of the Commissioner's determinations to collect a section 6702(a) frivolous return penalty. *See* §§ 6330(d)(1), 6320(c); *see also Callahan v. Commissioner*, 130 T.C. 44, 48–49 (2008). Our jurisdiction can include a review of the underlying liability for a section 6702(a) frivolous return penalty, if otherwise appropriate. *See Callahan*, 130 T.C. at 49. Petitioner timely filed a Petition for review of respondent's validly issued notice of determination and thus properly invoked the Court's jurisdiction.

Section 6320 requires the Commissioner to notify a taxpayer of the filing of an NFTL. The notice must inform the taxpayer of his or her right to a CDP hearing regarding the NFTL filing. § 6320(a)(3)(B). In a CDP hearing taxpayers may raise any relevant issue or request the consideration of a collection alternative. § 6330(c)(2)(A). An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he or she requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. *See* Treas. Reg. § 301.6320-1(f)(2), Q&A-F3. A taxpayer may challenge the existence or amount of the underlying tax liability unless he or she received a statutory notice of deficiency or otherwise had an opportunity to do so. § 6330(c)(2)(B). Once the Commissioner issues a notice of determination at the

[*6] conclusion of the CDP hearing, the taxpayer may seek judicial review by timely filing a petition with this Court.  § 6330(d)(1).

When the underlying tax liability was properly at issue in the CDP hearing, we review the Commissioner's determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000).  However, a taxpayer must properly raise a challenge to the underlying liability during CDP proceedings, or the issue is not before the Court.  *See Giamelli v. Commissioner*, 129 T.C. 107, 111 (2007).  Where the existence and amount of the underlying liability is not properly at issue or raised, this Court reviews the Commissioner's determination for abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000).  Abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law.  *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Freije v. Commissioner*, 125 T.C. 14, 23 (2005).

Petitioner did not receive a statutory notice of deficiency, nor did he have a previous opportunity to challenge his underlying liability. Petitioner was thus entitled to dispute his underlying liability for the frivolous return penalty during the CDP proceeding.  However, the parties disagree as to whether petitioner sufficiently raised a challenge to his underlying liability for the penalty in the CDP proceeding.

This Court has previously observed that de novo review of frivolous return penalties "is not automatic" and that a taxpayer fails to properly preserve his underlying liability challenge for review in this Court when he makes only frivolous arguments in the CDP proceeding. *See Llanos v. Commissioner*, T.C. Memo. 2021-21, at *6; *Pohl v. Commissioner*, T.C. Memo. 2013-291, at *8; *Buckardt v. Commissioner*, T.C. Memo. 2012-170, slip op. at 12, *aff'd*, 584 F. App'x 612 (9th Cir. 2014).  Respondent asserts that petitioner failed to meaningfully challenge his underlying liability, because in the CDP proceeding he presented only frivolous arguments about his zero tax liability for receipt of compensation.  Petitioner counters by pointing to his more procedural argument in the CDP proceeding that the frivolous penalties were inappropriate because his tax position had not been identified as frivolous by respondent for purposes of section 6702(c).  We disagree with petitioner's assertion that his tax position was nonfrivolous, *see* I.R.S. Notice 2010-33, § III(1)(e), 2010-17 I.R.B. 609, 609, but agree that raising such an argument was sufficient to preserve his underlying liability challenge, *see, e.g.*, *Smith v. Commissioner*, T.C. Memo. 2021-29, at *13, *22–23 (reviewing underlying section 6702 penalty

**[\*7]** liability de novo when taxpayer's claims that her returns did not justify penalty under section 6702(a)(1)(A) or (B) "if true, would defeat application of the frivolous return penalty"); *Jaxtheimer v. Commissioner*, T.C. Memo. 2019-164, at \*11 (reviewing de novo section 6702 penalty liability when taxpayer disputed in CDP proceeding that he had taken frivolous positions on his returns), *aff'd*, 854 F. App'x 263 (10th Cir. 2021); *Whitaker v. Commissioner*, T.C. Memo. 2017-192, at \*7, \*8–9 (reviewing de novo section 6702 penalty liability where taxpayer only argued in CDP proceeding that private sector retirement income was not subject to tax); *cf. Sun River Fin. Tr. v. Commissioner*, T.C. Memo. 2020-30, at \*12 (concluding that taxpayer failed to raise underlying section 6702 penalty liability when it did not "contend that its returns contained sufficient information or lacked frivolous positions").

We thus review de novo petitioner's underlying liability for the section 6702(a) penalties. We review for abuse of discretion all remaining issues, including the requirement that the Appeals officer verify that the section 6702(a) penalties were lawfully assessed in compliance with section 6751(b). *See Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 154 T.C. 68, 76 n.8 (2020).

II.    *Analysis*

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer who is liable for taxes after a demand for payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made by the Commissioner. § 6322. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter.

The CDP hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). § 6320(c). A taxpayer may raise at a CDP hearing any relevant issue, including challenges to the underlying liability and the appropriateness of the collection action. § 6330(c)(2). A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. *See* Treas. Reg. § 301.6320-1(e)(1).

For a CDP hearing before the Appeals Office, the pertinent procedures are set forth in section 6330(c). First, the Appeals officer

[*8] must obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. § 6330(c)(1). Second, the Appeals officer must consider the issues raised by the taxpayer during the CDP hearing. *See* §§ 6320(c), 6330(c)(2)(A). Third, any determination by the Appeals officer must take into consideration whether the proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. § 6330(c)(3)(C). Taxpayers are to provide all relevant information requested by the Appeals Office. Treas. Reg. §§ 301.6320-1(e)(1), 301.6330-1(e)(1).

We now turn to the underlying liability issue. The Commissioner bears both the burden of proof and the burden of production regarding a taxpayer's liability for a section 6702(a) penalty. *See* §§ 6703(a), 7491(c). Section 6702(a) requires, inter alia, that a taxpayer file a document that "purports to be a return" in order for the Commissioner to assess a frivolous return penalty. In *Kestin v. Commissioner*, 153 T.C. 14, 26–28 (2019), we held that "plainly marked photocopies" of an original return that did not themselves request a refund were not purported returns under section 6702(a). We thus found an abuse of discretion in Appeals' determination to sustain an NFTL relating to section 6702(a) penalties assessed on the submission of the return copies. *Id.* at 28, 34. Applying *Kestin*, we have concluded that when an accompanying letter (1) clearly identifies that an attached return is a copy and (2) does not seek a new refund, the copy is not a purported return, and assessment under section 6702(a) is in error. *See Smith*, T.C. Memo. 2021-29, at *29 (finding that return copy did not purport to be a return when an "accompanying letter ma[de] clear that it was a copy and was intended to reinforce petitioner's initial purported return, claiming a refund"); *see also Jaxtheimer*, T.C. Memo. 2019-164, at *16 (declining to sustain assessed section 6702(a) penalties where Commissioner's assessment records indicated that purported returns shared the same signature date).

Here, respondent's assessment of the second section 6702(a) penalty was in error. The return that petitioner attached to his letter of December 8, 2016, was clearly identified as a "reference copy" and showed the same signature date as the original return. *Cf. Kestin*, 153 T.C. at 26; *Jaxtheimer*, T.C. Memo. 2019-164, at *16. In addition, petitioner's accompanying letter did not seek a new refund; instead, it sought to "reinforce petitioner's initial purported return" by attempting to argue the original return was not frivolous. *See Smith*, T.C. Memo.

**[\*9]** 2021-29, at \*29. We conclude here that the return copy petitioner submitted did not purport to be a return under section 6702(a). Accordingly, we will not sustain the Appeals officer's determination insofar as it relates to the second penalty. *See Kestin*, 153 T.C. at 34.

However, the Appeals officer's determination to sustain the NFTL filing insofar as it related to the first section 6702(a) penalty was appropriate. The record establishes that petitioner's initial submitted return purported to be a return and sought a refund. As a so-called zero return reporting no taxable income and attempting to "correct" a Form W–2 to report no wages, the return contained "information that on its face indicate[d] that the self-assessment [was] substantially incorrect." *See* § 6702(a)(1)(B); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) (per curiam) (finding section 6702(a)(1)(B) satisfied where return listed zero taxable income and identified wage-reporting Form W–2 as "incorrect"); *Whitaker*, T.C. Memo. 2017-192, at \*12–13 (finding section 6702(a)(1)(B) satisfied where return listed zero taxable income and attached a self-corrected Form 1099–R listing zero distributions). Finally, the return was frivolous because it took a position identified by the Commissioner as such pursuant to section 6702(c). *See* § 6702(a)(2)(A); I.R.S. Notice 2010-33, § III(1)(e) (identifying as frivolous contention that a taxpayer has the option to file a tax return reporting zero taxable income and liability despite receipt of taxable income); *see also Lovely v. Commissioner*, T.C. Memo. 2015-135, at \*7 (sustaining section 6702(a) penalty because taxpayer's argument that his compensation "was not taxable because he is a non-Federal worker" and "did not constitute wages" was frivolous), *aff'd per curiam*, 642 F. App'x 268 (4th Cir. 2016).

The record also establishes that supervisory approval was given in writing on January 18, 2017, before formal communication by respondent of the initial determination on February 13, 2017. Accordingly, as part of verifying that the requirements of applicable law and administrative procedure were met, the Appeals officer properly confirmed the first penalty's compliance with the supervisory approval requirement under section 6751(b)(1), which requires that the initial determination to assess certain penalties be personally approved (in writing) by the immediate supervisor of the individual making such determination before the first formal communication of the determination is made to the taxpayer. *Clay v. Commissioner*, 152 T.C. 223, 249 (2019), *aff'd*, 990 F.3d 1296 (11th Cir. 2021); *Graev v. Commissioner*, 149 T.C. 485, 492–93 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Furthermore, petitioner did not

**[\*10]** request any collection alternative during his CDP proceeding. Irrespective, the Appeals officer informed petitioner of all available collection alternatives, as well as the documentation required to pursue each, but petitioner did not provide any of the requested documentation. Consequently, we sustain the Appeals officer's determination insofar as it relates to the first section 6702(a) penalty but do not sustain the determination insofar as it relates to the second penalty.

This Court has considered all the other arguments of the parties and, to the extent not discussed above, finds those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*